_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1114-JLS (ANx)                    Date: October 30, 2013
Title:  Nationstar Mortgage, LLC v. Truman Capital Advisors, LP

**Present: Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
   Not Present                                                          Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING MOTION TO DISMISS (Doc. 6)**

     Before the Court is a Motion to Dismiss filed by Truman Capital Advisors.  (Mot., Doc. 6, "Motion".)  Nationstar Mortgage opposed the Motion (Opp'n, Doc. 16, "Opposition"), and Truman replied (Reply, Doc. 17).  Having read the papers, heard oral argument, and taken the matter under submission, the Court GRANTS Truman's Motion.

**I.  Background**

     The Court sets forth the following background based on the allegations in Nationstar's Complaint (Compl., Doc. 1 ¶ 7, "Complaint") and allegations made in the complaint in *Truman Capital Advisors LP, et al. v. Nationstar Mortgage, LLC*, 652/2013 (New York Supreme Court).  (NY Compl., Doc. 6-1 Ex. 1, "New York Complaint".)[1]
     Nationstar is a limited liability company that is a registered Mortgage Banker licensed by the New York Banking Department.  (NY Compl. ¶ 6.)  Nationstar maintains offices in New York and has a principal place of business in Texas.  (NY Compl. ¶ 6;

_____

[1] The Court takes judicial notice of the New York Complaint.

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 13-1114-JLS (ANx) | Date: October 30, 2013 |
| Title:  Nationstar Mortgage, LLC v. Truman Capital Advisors, LP | |

Compl. ¶ 3.)  Truman is a limited partnership with its principal place of business in New York.  (NY Compl. ¶ 3.)  Truman has two partners, Trucap Advisors, LLC and Savannah Capital, LLC, each of which is owned by Mitchell Samberg.  Mr. Samberg resides in New York.  (Compl. ¶ 4.)

Beginning around January 2013, Nationstar engaged Auction.com to sell certain home loans that Nationstar serviced subject to pooling and servicing agreements ("Loans").  (Compl. ¶ 7; NY Compl. ¶ 12.)

On February 5, 2013, non-party KIRP LLC ("KIRP") wrote to Nationstar challenging Nationstar's authority to auction a subset of the loans ("Challenged Loans"), as KIRP allegedly had a financial interest in those loans.  (NY Compl. ¶ 21.)  KIRP again notified Nationstar of its objections on March 4, 2013.  (Compl. ¶ 36.)  Nationstar did not inform Truman of KIRP's claim.  (NY Compl. ¶ 27.)

Around February 21 and March 6, 2013, Truman made winning bids to purchase the Loans, including the Challenged Loans, in two separate auctions.  (Compl. ¶¶ 10, 11, 16, 23, 40; NY Compl. ¶¶ 28, 29.)

On March 7, 2013, the day after Truman won the second auction, KIRP sued Nationstar in the Supreme Court of the State of New York over the Challenged Loans. (NY Compl. ¶ 43; *KIRP, LLC v. Nationstar Mortgage, LLC*, Index No. 650794/13 ("KIRP Action").)  KIRP sought and was granted a temporary restraining order, which was subsequently dissolved on the stipulation of KIRP and Nationstar.  (NY Compl. ¶¶ 44, 46.)

Truman has asked Nationstar to complete the sale, but Nationstar has exercised its right to rescind any acceptance of a winning bid of the Loans that Truman bid on through Auction.com.  (Compl. ¶ 15; NY Compl. ¶ 48.)

On July 23, 2013, Truman notified Nationstar that it intended to commence litigation against it in New York, unless a reasonable settlement offer was made by

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 13-1114-JLS (ANx) | Date: October 30, 2013 |
| Title:  Nationstar Mortgage, LLC v. Truman Capital Advisors, LP | |

Friday, July 26, 2013.  (Piliero Decl., Doc. 6-1 ¶ 6.)  The letter attached a draft of the state court complaint.  (Doc. 6-1, Ex. 4.)

Nationstar did not respond to Truman's letter, and instead filed a declaratory judgment action in this Court on Thursday, July 25, 2013, the day before the response deadline set by Truman.  (Piliero Decl. ¶ 8; Compl.)

On Monday, July 29, 2013, Truman filed its complaint in the New York Supreme Court ("New York Action").  (NY Compl.; Piliero Decl. ¶ 10.)  The New York Action was filed as a related action to the KIRP Action and assigned to the same judge as the KIRP Action.  (Piliero Decl. ¶ 11.)  On August 15, 2013, Truman filed its motion to dismiss the present action on the grounds that there was already a pending state court action in New York.  One week later, Nationstar removed the New York Action to federal court.  *See Truman Capital Advisors LP et al. v. Nationstar Mortgage, LLC*, 13-cv-05945-NRB, ECF No. 1 (August 22, 2013).[2]

On August 28, 2013, Nationstar filed a motion for a conference in the New York Action requesting an extension of time for Nationstar to file a motion to dismiss or alternatively transfer the New York Action to the Central District of California.  *See* 13-cv-05945, ECF No. 7.[3]

## II.  Legal Standard

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).  "If a district

_____

[2] The Court takes judicial notice of the removal of the New York Action (ECF No. 1).
[3] The Court takes judicial notice of the pre-conference motion filed by Nationstar in the New York Action (ECF No. 7).

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 13-1114-JLS (ANx) | Date: October 30, 2013 |
| Title:  Nationstar Mortgage, LLC v. Truman Capital Advisors, LP | |

court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed on the merits before staying or dismissing the action." *Id*. at 288.

"In *Brillhart,* the Court articulated three factors that courts should consider when examining the propriety of entertaining a declaratory judgment action: avoiding 'needless determination of state law issues'; discouraging 'forum shopping'; and avoiding 'duplicative litigation.'" *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2013).  The Ninth Circuit has noted that the *Brillhart* factors are not exhaustive, suggesting that courts also consider: the extent to which the declaratory judgment action will settle or clarify the legal issues, whether the declaratory judgment action is being sought merely for procedural fencing or to obtain a res judicata advantage, entanglement between federal and state courts, convenience to the parties, and the availability and convenience of other remedies.  *Dizol*, 133 F.3d at 1225 n.5 (citing *Am. States Ins. Co. v. Kearns*, 15 F.3d at 145 (J. Garth, concurring)).  However, "[a]lthough courts may also consider a number of other factors, the three '*Brillhart* factors remain the philosophic touchstone' for the *Wilton*/*Brillhart* analysis . . ." *R.R. Street*, 656 F.3d at 975 (citing *Dizol*, 133 F.3d at 1225).

Additionally, the "the well-established 'first-to-file rule,' . . . allows a district court to transfer, stay or dismiss an action when a similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Prods., Inc*., 946 F.2d 622, 623 (9th Cir. 1991).  There are exceptions to the rule, however.  "The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping." *Id.* at 628 (internal citations omitted).  Other courts have suggested that a suit is anticipatory if "the plaintiff filed upon receipt of specific, concrete indications that a suit by defendant was imminent."  *See Liberty Surplus Ins. Corp. v. Perma-Pipe, Inc*., No. C 13-0908, 2013 WL 4529473 at *3 (N.D. Cal. Aug. 26, 2013) (quoting *Z-Line Designs, Inc. v. Bell'o Int'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003)).

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1114-JLS (ANx)　　　　　　　　Date: October 30, 2013
Title:  Nationstar Mortgage, LLC v. Truman Capital Advisors, LP

### III.  Discussion

The Court finds it inappropriate to exercise jurisdiction over Nationstar's declaratory relief claim as it is reactionary in nature and the *Brillhart*/*Wilton* factors further counsel against exercising jurisdiction.

#### A.  Reactionary Declaratory Judgment Action

Neither party disputes that the issues in this case are the same as those in the New York Action,[4] and that this action was filed first.  Truman argues that "[Nationstar's] filing of the Complaint at bar is precisely the type of forum shopping and reactionary filing that the Ninth Circuit has counseled district courts to reject."  (Mot. at 11.)

The Court agrees.  The facts provided in the Background section of this Order make clear that Nationstar's suit is a reaction to Truman's letter attaching a draft state court complaint.  The reactionary nature of the declaratory judgment suit weighs against exercising jurisdiction.  *See Dizol*, 133 F.3d at 1225 ("[F]ederal courts should generally decline to entertain reactive declaratory actions."); *see also Liberty Surplus*, 2013 WL 4529473 at *4 ("[W]here as here a declaratory judgment action has been triggered by a cease and desist letter, equity militates in favor of allowing the second-filed action to proceed to judgment rather than the first."  (quoting *Z-Line Designs*, 218 F.R.D. at 667)).

_____

[4] Truman argues that "the New York Action can resolve all the claims involving all affected parties, this action cannot accomplish that, because two of the plaintiffs in the New York Action are not parties to this action."  (Mot. at 12.)  Truman does not argue, however, that the parties could not be joined in this action.  Moreover, the parties are related to Truman—"[Truman] caused to be created, and acts as Program Manager for [one of the missing parties], and "acted as the agent of [the other]."  (Mot. at 3.)

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 13-1114-JLS (ANx) | Date: October 30, 2013 |
| Title:  Nationstar Mortgage, LLC v. Truman Capital Advisors, LP | |

Accordingly, the reactionary nature of this action weighs against exercising jurisdiction.

### B. Brillhart/Wilton Analysis

In addition to the reactionary nature of the suit, the *Brillhart*/*Wilton* factors further counsel against exercising jurisdiction.  Two of the factors—needless determination of state law issues, and duplicative litigation—are neutral, but one factor—forum shopping—strongly weighs against exercising jurisdiction.  The Court first addresses the two neutral factors, before addressing the factor that strongly weighs against exercising jurisdiction.

#### 1.  Needless Determination of State Law Issues

"In prior cases, [the Ninth Circuit has] recognized that needless determination of state law issues alone may support [declining jurisdiction]."  *R.R. Street*, 656 F.3d at 966 (citing *Huth*, 298 F.3d at 802).  Retaining jurisdiction over this action would require the district court to decide basic issues of state law—the claim even asks for "a declaratory judgment that [Truman] is not entitled to purchase of any of the Loans and not entitled to recover for breach of contract or promissory estoppel . . . ."  (Compl. at 5.)  These are the same claims asserted in the New York Action.  (NY Compl. ¶¶ 51-58.)

However, as Nationstar notes, both actions are now in federal court,  (Opp'n at 10), and the Court agrees with Nationstar that the fact that both actions are now in federal court makes this factor neutral.

#### 2.  Avoiding Duplicative Litigation

As discussed above, the declaratory relief claim seeks judgment on exactly the claims brought in the New York Action.  Truman has moved to dismiss this action, and

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 13-1114-JLS (ANx) | Date: October 30, 2013 |
| Title: Nationstar Mortgage, LLC v. Truman Capital Advisors, LP | |

Nationstar has indicated its intent to dismiss or alternatively transfer the New York Action pending a decision by this Court. *See Truman Capital Advisors LP et al. v. Nationstar Mortgage LLC*, 13-cv-05945-NRB, ECF No. 7. As only one court will hear the parties' claims, there will not be any duplicative litigation.

Nationstar's argument that the "New York federal court may and should yield to this Court, rather than vice versa, because this Court has a surer-footed grounding in California law . . . ." assumes that California law would necessarily apply. (Opp'n at 13.) However, it is not settled that California law applies. For example, Truman argues that the "selection of governing law [under the Auction Terms] is not controlling because TCA does not assert a breach of the Auction Terms themselves." (Mot. at 10 n.7.) Moreover, even if California law were to apply, this Court has no doubt that the federal court in New York is perfectly capable of deciding routine claims of breach of contract and promissory estoppel under California law.

Accordingly, this factor is neutral.

### 3. Forum Shopping

"Forum shopping refers to '[t]he practice of choosing the most favorable jurisdiction or court in which a claim might be heard.'" *R.R. Street*, 656 F.3d at 981 (quoting Black's Law Dictionary 726 (9th ed. 2009)). "To avoid forum shopping, courts may consider 'the vexatious or reactive nature of either the federal or the state litigation.'" *Id.* (quoting *Moses H. Cone*, 460 U.S. at 17 n.20). In the declaratory judgment context, "federal courts should generally decline to entertain reactive declaratory actions." *R.R. Street*, 656 F.3d at 976 (quoting *Dizol*, 133 F.3d at 1225).

Nationstar argues that it is not forum shopping as it is headquartered in Texas, not California, and chose this Court "for the entirely proper reason that the Auction Terms select the state and federal courts in Orange County, California." (Opp'n at 11.)

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1114-JLS (ANx)                           Date: October 30, 2013
Title:  Nationstar Mortgage, LLC v. Truman Capital Advisors, LP

However, Truman is the real plaintiff in this dispute, even if it is the nominal defendant in this declaratory judgment action, and "[t]he Declaratory Judgment Act is not to be invoked to deprive a plaintiff of his conventional choice of forum and timing, precipitating a disorderly race to the courthouse." *Liberty Surplus*, 2013 WL 4529473 at *4 (quoting *Z-Line Designs*, 218 F.R.D. at 665)).  The Court will not deprive the actual plaintiff of his choice of forum in favor of the nominal plaintiff in this case.  Moreover, the forum selection provision is permissive—not mandatory—and thus nothing in the forum selection clause requires the case to be litigated in California.  *See Hunt v. Supreme Oil Company*, 817 F.2d 75, 77-78 (9th Cir. 1987).

Nationstar further argues that Truman is forum shopping by having filed suit in New York.  (Opp'n at 11-12.)  However, Truman had entirely legitimate reasons for its choice of a New York forum, given the pending action by KIRP against Nationstar in New York state court.  Indeed, the New York Action was filed as a related case to the KIRP action and assigned to the same judge.  Accordingly, the New York Action would not be considered forum shopping to the extent it could have "resolve[d] all issues related to [the auctions and Challenged Loans] in one comprehensive proceeding."  *R.R. Street*, 656 F.3d at 976.  Nor is there an indication that the New York Action is "reactive" or "vexatious."  *See Dizol*, 133 F.3d at 1225, 1231.

By contrast, Nationstar's declaratory judgment complaint comes across as forum shopping.  First, the declaratory judgment action is clearly reactionary, as discussed above.  In addition, although Nationstar contends that it "sought no tactical advantage in selecting this Court for its suit" (Opp'n at 11), it is clear that Nationstar "raced" to this Court to file its Complaint before Truman filed its proposed complaint, seeking a tactical advantage by preventing the suit from being heard in New York.  *See Huth*, 298 F.3d at 804.  Indeed, in the New York Action, Nationstar relies heavily on the first-to-file rule as the basis for that Court to stay its hand.  *See Truman Capital Advisors LP et al. v. Nationstar Mortgage, LLC*, 13-cv-05945-NRB, ECF No. 7 at 3-4.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 13-1114-JLS (ANx) | Date: October 30, 2013 |
| Title:  Nationstar Mortgage, LLC v. Truman Capital Advisors, LP | |

Accordingly, the Court finds that this factor weighs against exercising jurisdiction.

**IV.  Conclusion**

The primary factors above, which are the "philosophic touchstone" of *Brillhart*/*Wilton*, *R.R. Street*, 656 F.3d at 975, are either neutral or weigh against exercising jurisdiction.  Moreover, the reactive nature of this action counsels against exercising jurisdiction, particularly because it would allow the nominal plaintiff to deprive the actual plaintiff of its choice of forum.  Accordingly, the Court finds it inappropriate to exercise jurisdiction and GRANTS Truman's Motion.  Nationstar's declaratory judgment claim is DISMISSED.

Initials of Preparer:  tg

_____